■ ABRAHAM DRESSER, Respondent-Appellant, v BEDFORD GARDENS COMPANY et al., Appellants-Respondents.—In an action to declare the rights of the parties with respect to a certain four-bedroom apartment within defendants' development, (1) defendants appeal from an order of the Supreme Court, Kings County, dated September 18, 1979, which denied their motion to dismiss the complaint, and (2) plaintiff appeals from an order of the same court, dated October 2, 1979, which denied his motion for a preliminary injunction against any eviction proceedings. Order dated September 18, 1979 reversed, on the law, and motion to dismiss the complaint granted. Appeal from the order dated October 2, 1979 dismissed as academic, in light of the determination on the appeal from the order dated September 18, 1979. Defendants are awarded one bill of $50 costs and disbursements to cover both appeals. Defendants, in moving to dismiss the instant action, asserted, *inter alia,* that a summary proceeding in the Civil Court of the City of New York against plaintiff and the original tenant, which had resulted in a judgment awarding possession of the premises to the defendants herein, was *res judicata* of the issue of plaintiff's possessory rights to the subject premises. We agree. Plaintiff's contention that the judgment, decided "without prejudice to [a] Supreme Court proceeding" by plaintiff, had not reached the merits of this issue, cannot withstand close scrutiny. The summary proceeding initiated by defendants was for possession of the apartment which is the subject of the instant action. Under plaintiff's analysis, the Civil Court awarded possession of the premises to defendants, while leaving open the question of plaintiff's possessory rights thereto. Such a conclusion renders the decision of the Civil Court internally inconsistent and completely meaningless. The only reasonable interpretation of the Civil Court judgment is that, while concluding that plaintiff, as an unauthorized sublessee, had no possessory right to the subject premises, it did not reach the merits of plaintiff's allegations of priority on defendants' waiting list. We conclude that the Civil Court judgment is *res judicata* of the issue of plaintiff's rights to the particular apartment and the complaint is dismissed. Hopkins, J. P., Titone, Lazer and Gibbons, JJ., concur.